IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INDIRA MONTGOMERY

Plaintiff,

v. No.

SECURITY INDUSTRY SPECIALISTS, INC. JURY TRIAL DEMANDED

Defendant.

**COMPLAINT**

Plaintiff Indira Montgomery brings this action against Defendant Security Industry Specialists, Inc., and in support thereof avers as follows:

**Jurisdiction and Venue**

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction of Counts I, II, III and IV of this Complaint, which are based upon laws of the United States of America, Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. §2000e, et. seq. ("Title VII"), the Americans with Disabilities Act of 1990, as amended, 42 U. S. C. §12101, et. seq. ("ADA"), and the Pregnant Workers Fairness Act, 42 U. S. C. §2000gg, et. seq. ("PWFA").

2. Venue is proper in this Court pursuant to 28 U. S. C. §1391(b) and 42 U. S. C. §2000e-5(f)(3), in that the unlawful employment practices complained of herein were committed within the Eastern District of Pennsylvania.

3. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

4. Plaintiff requests a trial by jury of the claims raised herein.

5. On January 15, 2026, Indira Montgomery filed a Charge of Discrimination against Security Industry Specialists, Inc. with the EEOC, which was dually filed with the

Pennsylvania Human Relations Commission, alleging discrimination based upon sex, pregnancy, and disability, and retaliation, docketed as EEOC Charge Number 530-2026-02873.

6. On June 26, 2026, following its investigation of the Charge, the EEOC issued a Determination finding reasonable cause to believe that Security Industry Specialists, Inc. violated Title VII, the ADA, and the PWFA. (*See* Ex. "A").

7. The EEOC's efforts to conciliate the Charge with Security Industry Specialists, Inc. were unsuccessful, and on September 3, 2026, the EEOC issued a Notice of Right to Sue (Conciliation Failure). (See Ex. "B").

8. Plaintiff intends to amend this Complaint to add a claim under the Pennsylvania Human Relations Act, 43 P. S. §951, et. seq., upon receipt of authority to do so from the Pennsylvania Human Relations Commission, pursuant to 43 P. S. §955(a).

**Parties**

9. Plaintiff Indira Montgomery ("Montgomery"), is an adult individual who resides at 367 West Hortter Street, Unit 207, Philadelphia, PA 19119.

10. Defendant Security Industry Specialists, Inc. ("SIS"), is a corporation with headquarters located at 6071 Bristol Parkway, Culver City, CA 90230, and, at all times relevant hereto, provided security services at various retail store locations in the Commonwealth of Pennsylvania, including the Alo store at the King of Prussia Mall, 160 North Gulph Road, King of Prussia, PA 19406 (the "King of Prussia Location").

11. At all times relevant hereto, SIS employed 1,000 or more employees and was Montgomery's "employer" within the meaning of Title VII, the ADA, and the PWFA.

12. At all times relevant hereto, Montgomery was an "employee" of SIS within the meaning of Title VII, the ADA, and the PWFA.

**Factual Background**

***Montgomery's Employment With SIS***

13. On September 29, 2025, Montgomery commenced employment with SIS as a Security Specialist, earning $20.00 per hour and working approximately 35 to 40 hours per week.

14. SIS provides security services to Fortune 500 companies, including retail stores throughout Pennsylvania and New Jersey, such as Alo, a yoga clothing retailer; Hermes, a French leather goods retailer; and the Apple Store.

15. SIS frequently reassigns its security employees between its clients' retail store locations.

16. Jesse Brownell ("Brownell") was, at all times relevant hereto, SIS's Mid-Atlantic Retail Operations Supervisor with authority to hire, fire, promote, demote, assign emplyees to work locations and reassign tasks with different responsibilities.

17. Brownell was Montgomery's direct supervisor

18. When Montgomery was hired, she was advised that she would work at the Alo store located at Suburban Square in Ardmore, PA.

19. After Montgomery began working, SIS transferred and assigned Montgomery to the Alo store at the King of Prussia Location.

***SIS's Refusal to Accommodate Montgomery's Pregnancy***

20. Shortly after Montgomery was hired, she learned that she was pregnant and that she was carrying twins.

21. On November 17, 2025, Montgomery began bleeding through her security

uniform and was in excruciating pain while at work. Montgomery contacted Brownell, told him that she was pregnant, described her bleeding and pain, and asked that her shift be covered.

22. Brownell told Montgomery that he would "handle it."

23. One hour later, having not heard from Brownell, Montgomery texted him, and Brownell responded that no one was available to cover the remainder of her shift and that he "had his own personal issue going on." Brownell told Montgomery to "take a break and push through the rest of your shift."

24. On November 29, 2025, while Montgomery was working at the Apple Store at Willow Grove Park Mall in Willow Grove, PA, Brownell directed Montgomery to rush to the Alo store at the King of Prussia Location to cover for another employee.

25. After leaving work on November 29, 2025, Montgomery learned that she had suffered a miscarriage, though one of her twins survived.

26. On November 29, 2025, Brownell told Montgomery that he would be on leave from November 25, 2025 through December 8, 2025, and he provided Montgomery with backup management contacts.

27. On November 30, 2025, Montgomery contacted SIS's backup management to advise that she would be unable to report to work for several days while recovering from her miscarriage, as her treating physician had advised her not to work.

28. The Alo store at the King of Prussia Location did not have an operational restroom, as the restroom had been broken for approximately one month and had not been repaired. The nearest public restroom at the King of Prussia Mall was far away from the Alo store's location.

29. In early December 2025, due to her pregnancy, Montgomery began experiencing frequent, sudden bleeding, nausea, and vomiting, which required fast access to a nearby restroom.

30. On December 5, 2025, Montgomery advised SIS that, because the Alo store at the King of Prussia Location did not have a working restroom, she needed to be assigned to a different store with a working restroom as an accommodation for her pregnancy.

31. SIS's backup manager advised Montgomery that she would have to wait until Brownell returned from leave to address the situation.

32. On December 9, 2025, Montgomery contacted Brownell to update him on her medical condition. Montgomery told Brownell that, due to her pregnancy, she was experiencing frequent, sudden bleeding, nausea, and vomiting, and asked to be switched to an SIS location with a working restroom. Montgomery told Brownell that she would not be able to report to work until she was relocated, because she needed a working restroom in close proximity to where she was stationed.

33. On December 9, 2025, Brownell told Montgomery that he understood and that he would get back to her.

34. On December 11, 2025, Brownell called Montgomery and asked why she was not at work. Montgomery referenced their December 9, 2025 conversation, and Brownell responded that, because he had not contacted Montgomery to confirm a transfer to a new store, Montgomery should have assumed that he had not yet handled the situation and should have continued to work as usual.

35. On the December 11, 2025 call, the Montgomery responded that she could not work at the Alo store at the King of Prussia Location and needed to be moved to a different store with a nearby working restroom.

36. On the December 11, 2025 call, Brownell responded, "Indira, you are an adult and an employee which means you are required to work when scheduled, either you have to figure out the bathroom situation yourself, or you have to go on leave."

37. Montgomery responded, "I am fully able to work. I just can't work at that store. When others call out, or you need a replacement, you have no issues swapping me for other stores."

38. Brownell refused to offer Montgomery any accommodation, refused to discuss the matter further, and did not advise Montgomery of any adjustment to her assigned location.

***The Constructive Discharge***

39. As a result of Brownell's and SIS's refusal to provide Montgomery a reasonable accommodation and to engage in an interactive process regarding her accommodation request, Montgomery was unable to return to work for SIS, and SIS constructively terminated Montgomery's employment.

40. A reasonable person of the same protected class, faced with SIS's refusal to accommodate a documented pregnancy-related medical need and Brownell's insistence that she either "figure out the bathroom situation" herself or go on leave, would have felt compelled to not to report to work.

***The EEOC's Reasonable Cause Determination***

41. On June 26, 2026, following its investigation of Montgomery's Charge, the EEOC found reasonable cause to believe that SIS violated Title VII, the ADA, and the PWFA in connection with SIS's failure to accommodate Montgomery's pregnancy-related restroom-access needs and her resulting constructive discharge. (See Ex. "A").

42. The EEOC determined that there was sufficient evidence to establish a prima facie case of unlawful discrimination, and that SIS failed to respond to Montgomery's allegations despite being given ample opportunity to do so. (See Ex. "A").

43. As a direct and proximate result of SIS's conduct, Montgomery has suffered and continues to suffer damages, including lost wages and employment benefits, and has suffered emotional distress, pain and suffering, humiliation, and loss of the enjoyment of life.

44. SIS's actions towards Montgomery were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

**COUNT I**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – PREGNANCY AND SEX DISCRIMINATION**

**42 U. S. C. §2000e, et. seq.**

45. Paragraphs 1 to 44 are incorporated herein as if set forth in full.

46 Montgomery, who is female and was pregnant during her employment with SIS, is a member of a protected class under Title VII, as amended by the Pregnancy Discrimination Act, 42 U. S. C. §2000e(k).

47. SIS discriminated against Montgomery on the basis of her sex and pregnancy by refusing to provide her a reasonable accommodation for a pregnancy-related medical condition and by constructively discharging her.

48. SIS's conduct towards Montgomery would not have occurred but for her sex and pregnancy.

49. As a direct and proximate result of SIS's discrimination, Montgomery has suffered the damages set forth above.

WHEREFORE, Plaintiff Indira Montgomery requests that this Court enter judgment in her favor and against Defendant Security Industry Specialists, Inc., and that this Court enter a declaratory judgment that Defendant's actions complained of herein violate and continue to violate Title VII of the Civil Rights Act of 1964, as amended, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses which she has been denied, including back pay, lost employment benefits, front pay in lieu of reinstatement, pre-judgment interest, compensatory damages for emotional distress, pain and suffering, humiliation, and loss of the enjoyment of life, punitive damages, reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

## COUNT II

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 – FAILURE TO ACCOMMODATE AND DISABILITY DISCRIMINATION

**42 U. S. C. §12101, et. seq.**

50. Paragraphs 1 to 49 are incorporated herein by reference, as if set forth in full.

51. Montgomery's pregnancy-related complications constituted a disability, a record of a disability, and/or SIS regarded Montgomery as having a disability, within the meaning of the ADA.

52. Montgomery requested a reasonable accommodation, reassignment to an SIS location with a working restroom, which would not have imposed an undue hardship on SIS.

53. SIS failed to engage in the interactive process with Montgomery and refused to provide Montgomery any reasonable accommodation.

54. SIS's failure to accommodate Montgomery resulted in her constructive discharge.

55. As a direct and proximate result of SIS's discrimination, Montgomery has suffered the damages set forth above.

WHEREFORE, Plaintiff Indira Montgomery requests that this Court enter judgment in her favor and against Defendant Security Industry Specialists, Inc., and that this Court enter a declaratory judgment that Defendant's actions complained of herein violate and continue to violate the Americans with Disabilities Act of 1990, as amended, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses which she has been denied, including back pay, lost employment benefits, front pay in lieu of reinstatement, pre-judgment interest, compensatory damages for emotional distress, pain and suffering, humiliation, and loss of the enjoyment of life, punitive damages, reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

## COUNT III

## VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT – FAILURE TO ACCOMMODATE

### 42 U. S. C. §2000gg-1, et. seq.

56. Paragraphs 1 to 55 are incorporated herein by reference, as if set forth in full.

57. Montgomery had a known limitation related to pregnancy within the meaning of the PWFA, and was a qualified employee entitled to a reasonable accommodation for that limitation.

58. Montgomery requested a reasonable accommodation, reassignment to an SIS location with a working restroom  which would not have imposed an undue hardship on SIS's

business operations.

59. SIS denied Montgomery's requested accommodation and failed to engage in a timely, good-faith interactive process with Montgomery to identify a reasonable accommodation, as required by the PWFA.

60. SIS's denial of Montgomery's requested accommodation resulted in her constructive discharge.

61. As a direct and proximate result of SIS's conduct, Montgomery has suffered the damages set forth above.

WHEREFORE, Plaintiff Indira Montgomery requests that this Court enter judgment in her favor and against Defendant Security Industry Specialists, Inc., and that this Court enter a declaratory judgment that Defendant's actions complained of herein violate and continue to violate the Pregnant Workers Fairness Act, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses which she has been denied, including back pay, lost employment benefits, front pay in lieu of reinstatement, pre-judgment interest, compensatory damages for emotional distress, pain and suffering, humiliation, and loss of the enjoyment of life, punitive damages, reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

## COUNT IV

### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE PREGNANT WORKERS FAIRNESS ACT – RETALIATION

**42 U. S. C. §12203; 42 U. S. C. §2000gg-2(f)**

62. Paragraphs 1 to 61 are incorporated herein by reference, as if set forth in full.

63. Montgomery engaged in protected activity under the ADA and the PWFA by requesting a reasonable accommodation for her pregnancy-related medical condition.

64. SIS retaliated against Montgomery for engaging in this protected activity by refusing to accommodate her, subjecting her to Brownell's ultimatum that she either resolve the restroom situation herself or go on leave, and constructively discharging her.

65. There is a direct causal connection between Montgomery's requests for a reasonable accommodation and SIS's refusal to accommodate her and her constructive discharge.

66. As a direct and proximate result of SIS's retaliation, Montgomery has suffered the damages set forth above.

WHEREFORE, Plaintiff Indira Montgomery requests that this Court enter judgment in her favor and against Defendant Security Industry Specialists, Inc., and that this Court enter a declaratory judgment that Defendant's actions complained of herein violate and continue to violate the anti-retaliation and anti-coercion provisions of the Americans with Disabilities Act and the Pregnant Workers Fairness Act, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses which she has been denied, including back pay, lost employment benefits, front pay in lieu of reinstatement, pre-judgment interest, compensatory damages for emotional distress, pain and suffering, humiliation, and loss of the enjoyment of life, punitive damages, reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

/S/ Andrew S. Abramson, Esq.
____________________________

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Dated: September 16, 2026

Attorney for Plaintiff Indira Montgomery